IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BATAAN LICENSING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-238 (GBW) (JLH) |
| | ) |
| DENTALEZ, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DENTALEZ, INC.'S**
<u>**OPENING BRIEF IN SUPPORT OF ITS RENEWED MOTION TO STAY**</u>

OF COUNSEL:

Reuben H. Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304
(650) 843-5480
rchen@cooley.com

Samuel K. Whitt
COOLEY LLP
1299 Pennsylvania Ave. NW, #700
Washington, D.C. 20004-2446
(202) 842-7800
swhitt@cooley.com

MORRIS NICHOLS ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant DentalEZ, Inc.*

October 10, 2022

TABLE OF CONTENTS

Page

| | | | |
|---|---|---|---|
| I. | NATURE AND STAGE OF THE PROCEEDINGS | | 1 |
| II. | SUMMARY OF THE ARGUMENT | | 2 |
| III. | STATEMENT OF FACTS | | 3 |
| IV. | LEGAL STANDARDS | | 3 |
| V. | ARGUMENT | | 4 |
| | A. | If Granted, DentalEZ's Motion to Dismiss Would Dispose of the Entire Case. | 4 |
| | B. | Because Discovery Has Not Commenced and a Trial Date Has Not Been Set, the Stage of the Case Weighs in Favor of a Stay. | 6 |
| | C. | A Stay Would Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Bataan. | 7 |
| VI. | CONCLUSION | | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Actelion Pharms. Ltd. v. Apotex Inc.*,
   2013 WL 5524078 (D.N.J. Sept. 6, 2013) .................................................................................6

*Alice Corp. v. CLS Bank Int'l*,
   573 U.S. 208 (2014) ...................................................................................................................1

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
   687 F.3d 1266 (Fed. Cir. 2012) ..................................................................................................5

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
   2010 WL 3522327 (D. Del. Sept. 2, 2010) .................................................................................7

*Cost Bros. v. Travelers Indem. Co.*,
   760 F.2d 58 (3d Cir. 1985) .........................................................................................................4

*Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*,
   2010 WL 2573925 (D. Del. June 25, 2010) ...............................................................................8

*Ever Win Int'l Corp. v. Radioshack Corp.*,
   902 F. Supp. 2d 503 (D. Del. 2012) ...........................................................................................7

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   2015 WL 1737476 (D. Del. Apr. 9, 2015) .............................................................................5, 7

*Levey v. Brownstone Inv. Grp., LLC*,
   590 F. App'x 132 (3d Cir. 2014) ................................................................................................5

*Mann v. Brenner*,
   375 F. App'x 232 (3d Cir. 2010) ............................................................................................5, 7

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ...................................................................................................................7

*Payne v. Wetzel*,
   2013 WL 1935356 (M.D. Pa. May 9, 2013) ..............................................................................6

*RideShare Displays, Inc. v. Lyft, Inc.*,
   2021 WL 7286931 (D. Del. Dec. 17, 2021) ...............................................................................4

*SAP America, Inc. v. InvestPic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018) ..................................................................................................5

*Wall Corp. v. BondDesk Grp., LLC*,
   2009 WL 528564 (D. Del. Feb. 24, 2009) ..................................................................................7

TABLE OF AUTHORITIES
(cont'd)

Page(s)

**Rules and Statutes**

35 U.S.C. § 101..................................................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 5, 7

I.         NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Bataan Licensing LLC ("Bataan" or "Plaintiff") filed this lawsuit on February 25, 2022, accusing Defendant DentalEZ, Inc. ("DentalEZ" or "Defendant") of infringing claim 12 of U.S. Patent No. 7,423,982 ("'982 patent"). (D.I. 1 ("Complaint").) On March 22, 2022, the case was assigned to the Vacant Judgeship docket after then-presiding Judge Stark was elevated to the U.S. Court of Appeals for the Federal Circuit. (*See* D.I. 9.) On April 12, 2022, the case was referred to Magistrate Judge Hall "(1) to adjudicate discovery (including fact and expert discovery) and protective order disputes; (2) to issue or modify a scheduling order; [and] (3) to review stipulated orders and pro hac vice motions." (D.I. 12.)

On April 22, 2022, DentalEZ moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) and 35 U.S.C. § 101 ("Motion to Dismiss") (D.I. 14) because the sole asserted claim of the '982 patent is directed to a patent-ineligible abstract idea under the two-step analysis set out in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). On July 11, 2022, DentalEZ moved the Court, pursuant to its inherent authority to manage its docket and its scheduling authority granted pursuant to the Court's April 12 referral order, to stay discovery and all other proceedings in this case pending resolution of Defendant's Motion to Dismiss. (*See* D.I. 22 (DentalEZ's opening brief in support of its motion to stay).)

On August 5, 2022, Magistrate Judge Hall denied the motion without prejudice to renew once the case was assigned to a district judge. (D.I. 28; Ex. A, Tr. of August 5, 2022, Telephonic Hearing ("Tr.") at 10-11 ("[D]efendant is free to renew its motion to stay with the [District Judge] who gets assigned to the case once the case is assigned. And so that judge in the management of their own schedule can decide how they want to proceed with hearing the same motion and discovery and the 101 motion. . . . [M]y ruling is not going to foreclose the defendant from re-

1

filing its motion once the judge gets assigned in hopefully short order.").)

Regarding the first of the three factors traditionally considered by courts when deciding motions to stay, Judge Hall acknowledged that the Motion to Dismiss "might simplify the issue for trial," if granted, given that it would dispose of the entire case, but also referenced the "implicit recognition in the [Vacant Judgeship Order] that says that the filing of a motion to dismiss is not grounds to prevent the case, including discovery from progressing." (*Id*. at 10.)  Regarding the other two factors, Judge Hall acknowledged the early stage of the case but also noted that "delay" resulting from a stay "inherently harms the nonmoving party by prolonging resolution of the dispute." (*Id.*)

Judge Hall later entered a scheduling order on August 11, 2022 (D.I. 30), pursuant to which the parties served initial disclosures (D.I. 31, 32, 33, 34, 36) and filed a proposed protective order (D.I. 35) and under which DentalEZ served its core technical document production (D.I. 37).  No discovery requests have yet been served by either party.  The case was reassigned to Judge Williams on September 8, 2022.

## II.     SUMMARY OF THE ARGUMENT

1.      DentalEZ's motion to stay should be granted because each of the primary factors considered by this Court favors a stay:

    a.      The first factor weighs in favor of a stay: DentalEZ's Motion to Dismiss would dispose of the entire case, if granted.  Here, the sole asserted claim is clearly directed to patent-ineligible subject matter. Neither party has proposed any relevant claim constructions—thus, claim construction is not required to decide the Motion to Dismiss. The Motion to Dismiss also does not require resolution of any fact disputes, because it is

based solely on the allegations in the complaint and the asserted patent. Thus, the Motion to Dismiss is ripe for resolution before significant resources are expended.

  b. Because discovery is in its early stages, and no trial date has been set, the second factor weighs in favor of a stay. There is a clear potential for savings of party and judicial resources at this stage of the case.

  c. The third factor favors a stay because a stay would conserve judicial and party resources and would not prejudice Bataan, which is a non-practicing entity that does not practice the patent or make any products and would not lose market share in any relevant industry while the case is stayed. Moreover, any delay would be relatively modest until the motion to dismiss is decided.

## III. STATEMENT OF FACTS

This case is in its earliest stage. Bataan has only asserted a single claim against DentalEZ—claim 12 of the '984 patent.[1] Bataan did not raise any claim construction or issues of disputed fact in its opposition to the Motion to Dismiss. Neither side has served any discovery requests. No motions or other disputes aside from this motion and DentalEZ's Motion to Dismiss are pending before the Court. No trial date has been set. The parties are not competitors, and Bataan has conceded that it does not practice the asserted patent in any way. (D.I. 25 at 4-5 ("Bataan does not practice the patent in suit").)

## IV. LEGAL STANDARDS

The Court may grant a motion to stay based on its "inherent power to conserve judicial

---

[1] The Motion to Dismiss also challenges claim 12's dependent claims. Although such claims have not been asserted, the Motion has the potential to further streamline the case if Bataan were to attempt to assert any of these claims in an amended complaint. The remaining independent claims are specifically limited to set-top-box functionality, which DentalEZ does not provide.

3

resources by controlling its own docket." *Cost Bros. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). When considering motions to stay, this Court considers "the totality of the relevant circumstances, typically paying particular attention to three factors: (1) whether a stay will simplify the issues for trial; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *RideShare Displays, Inc. v. Lyft, Inc.*, C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021).

V.  **ARGUMENT**

This case is ideally situated for a stay, given the case-dispositive nature of the Motion to Dismiss in a case where only one independent claim has been (and can be) asserted, the early stage of the case, and the lack of prejudice to Bataan who does not practice the asserted patent and can be compensated by money damages for any delay caused by a brief stay of the case pending resolution of the Motion to Dismiss. Indeed, it would be difficult to imagine circumstances that would warrant a stay if the circumstances of this case do not warrant a stay. But, as discussed below, this Court has granted stays pending decisions on motions to dismiss under § 101 in circumstances even less compelling than those here.

A.  **If Granted, DentalEZ's Motion to Dismiss Would Dispose of the Entire Case.**

The first factor favors a stay because DentalEZ's Motion to Dismiss would dispose of the entire case if granted. (*See generally* D.I. 15; D.I. 20.) As discussed in connection with the Motion to Dismiss, there is only 1 independent claim at issue in this case. Claim 12 of the '982 patent—the sole asserted claim—is directed to the patent-ineligible abstract idea of choosing a communication mode based on a control message and recites only conventional computer functionality to implement the abstract idea. (D.I. 15 at 9-13; D.I. 20 at 1-10.) Although, as Judge

4

Hall noted, the Court does not weigh the merits of the Motion to Dismiss when considering a motion to stay, with only a single asserted claim to be considered, unlike many cases before this Court where there is some possibility of a mixed result, the Motion to Dismiss provides a unique opportunity to entirely dispose of this action. *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) ("The fact that the motion, if resolved a certain way, could be entirely case-dispositive as to all asserted claims of the one patent-in-suit (and thus, of the entire suit against all Defendants seeking a stay), is certainly a fact inuring to Defendants' benefit here."). Courts have also held that a stay is favored if a pending motion to dismiss would render all discovery futile if granted, as in this case. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *see also Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014).

Claim construction will not be necessary to decide the Motion to Dismiss as neither party proposed any construction in connection with briefing on the Motion to Dismiss. *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101."). As such, the Motion to Dismiss may be decided as a matter of law, given that it is based solely on the allegations in the complaint and the patent's intrinsic record and does not require resolution of any fact disputes. *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) ("Like other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12(b)(6) . . . motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law.").

This case is thus uniquely amenable to a stay, as the Motion to Dismiss involves only a single asserted claim, and there are no claim construction or fact disputes requiring resolution.

### B.   Because Discovery Has Not Commenced and a Trial Date Has Not Been Set, the Stage of the Case Weighs in Favor of a Stay.

As Judge Hall also acknowledged, the case is at its early stages as discovery has not yet commenced, and no trial date has been set.  (Tr. at 10; *Actelion Pharms. Ltd. v. Apotex Inc.*, Civil No. 12-5743(NLH/AMD), 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013) (granting stay, in part, because "the case remains in its initial stages and no trial date has been set" and "no party has engaged in significant production or protracted motion practice").)

Although Judge Hall noted the mandate in the Vacant Judgeship Order that "[t]he filing of a motion shall not be grounds to prevent the case, including discovery, from progressing" (Vacant Judgeship Order at 3), that Order no longer applies now that this case has been assigned to Judge Williams.  And as Judge Hall further noted, it is within this Court's discretion to manage its own docket.  (Tr. at 9-11.)

A stay would conserve judicial and party resources, and such a benefit would be maximized at this juncture given that the case is in its infancy, the parties and Court have yet to invest much time in the case, and the Motion to Dismiss would dispose of all causes of action.  *See Payne v. Wetzel*, Civil No. 3:12-CV-1932, 2013 WL 1935356, at *2 (M.D. Pa. May 9, 2013) ("Briefly deferring discovery . . . , while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court.").

No discovery would be necessary if the Motion to Dismiss is granted, so all future discovery and discovery disputes, if any, will be a waste of the Court's and the parties' resources if the case is not stayed and the Motion to Dismiss is subsequently granted. *See Mann*, 375 F. App'x at 239 ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."); *see also Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding"). The interests of conserving party and judicial resources that could be directed to other cases on the Court's busy docket therefore favor a stay.

### C. A Stay Would Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Bataan.

The third factor favors a stay. A brief stay pending resolution of the Motion to Dismiss would not prejudice Bataan, and DentalEZ will not gain an unfair tactical advantage. Bataan conceded that it does not practice the patent and does not compete with DentalEZ. (D.I. 25 at 4-5; *see Kaavo*, 2015 WL 1737476, at *3 ("[W]here there is no evidence of direct competition at all beyond attorney argument, this subfactor does not support denial of a stay.").) Bataan has not moved for a preliminary injunction, which also weighs in favor of a stay. *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010) ("The record does not demonstrate that these parties are direct competitors. And, as Superior Essex correctly notes, Belden has not sought a preliminary injunction. This factor, then, favors Superior Essex's motion to stay." (footnote omitted)).

Although, as Judge Hall noted, that at least some delay is inherent when a case is stayed, courts in this District have held that delay "does not, by itself, amount to undue prejudice." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 509 (D. Del. 2012) (citing *Wall Corp. v. BondDesk Grp., LLC*, C.A. No. 07-844-GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009));

7

*Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) ("[T]he Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced."). Where, as here, the parties do not compete and any delay can be compensated by money damages, a stay is appropriate. (D.I. 25 at 4-5.) And any delay would be limited, solely pending disposition of the Motion to Dismiss. The case could promptly resume if, contrary to expectations, the Motion to Dismiss were denied.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's renewed motion to stay discovery and all other proceedings in this case pending resolution of Defendant's Motion to Dismiss (D.I. 14).

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Cameron P. Clark* |
| OF COUNSEL: | Karen Jacobs (#2881) |
| Reuben H. Chen | Cameron P. Clark (#6647) |
| COOLEY LLP | 1201 North Market Street |
| 3175 Hanover Street | P.O. Box 1347 |
| Palo Alto, CA 94304 | Wilmington, DE 19899-1347 |
| (650) 843-5480 | (302) 658-9200 |
|  | kjacobs@morrisnichols.com |
| Samuel K. Whitt | cclark@morrisnichols.com |
| COOLEY LLP |  |
| 1299 Pennsylvania Ave. NW, #700 | *Attorneys for Defendant DentalEZ, Inc.* |
| Washington, D.C. 20004-2446 |  |
| (202) 842-7800 |  |

October 10, 2022

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 10, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Jimmy C. Chong, Esquire<br>CHONG LAW FIRM P.A.<br>2961 Centerville Road, Suite 350<br>Wilmington, DE  19808<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David R. Bennett, Esquire<br>DIRECTION IP LAW<br>P.O. Box 14184<br>Chicago, IL  60614-0184<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Cameron P. Clark*
_____
Cameron P. Clark (#6647)