**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**BATAAN LICENSING LLC,**

Plaintiff,

v.

**DENTALEZ, INC.,**

Defendant.

C.A. NO. 1:22-cv-00238-GBW

**AMENDED SCHEDULING ORDER**

This ____ day of _______________ 2022, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IS HEREBY ORDERED that:

**Bataan's position:**

DentalEZ's objection to the entry of an amended Scheduling Order is duplicative of its pending motion to stay. A Scheduling Order has already been entered in this case, and the Court simply ordered the parties to file an amended proposed Scheduling Order using the Court's template. (D.I. 30, 41). There are no disputes regarding the contents of the amended proposed Scheduling Order. The entry of the amended Scheduling Order does not impact DentalEZ's pending motions and instead allows the case to proceed according to the previously entered schedule while DentalEZ's pending motions are under the Court's consideration. The Court should therefore enter the joint proposed Scheduling Order.

**DentalEZ's position:**

DentalEZ jointly submits this filing pursuant to the Court's October 25, 2022 oral order to file a joint amended proposed Scheduling Order consistent with the applicable form Scheduling

Order of this Court. DentalEZ has also filed a renewed Motion to Stay the case pending a ruling on its Rule 12(b)(6) Motion to Dismiss (D.I. 38). Briefing on the renewed Motion to Stay was completed on October 31, 2022. DentalEZ requests that the current case schedule (D.I. 30) should be stayed and an amended scheduling order should not be entered pending the Court's decision on Defendant DentalEZ, Inc,'s Rule 12(b)(6) Motion to Dismiss for Lack of Patent-Eligible Subject Matter. (*See* D.I. 14.)

1. Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 27, 2023**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

3. Disclosures. Absent agreement among the parties, and approval of the Court:

(a) By **August 19, 2022,** Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(b) By **October 3, 2022**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s),

including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

(c) By **November 17, 2022**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By **January 13, 2023**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(e) By **January 19, 2024**, Plaintiff shall provide final infringement contentions.

(f) By **February 16, 2024**, Defendant shall provide final invalidity contentions.

4. Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **April 26, 2024**.

(b) Document Production. Document production shall be substantially complete by **December 15, 2023**.

(c) Requests for Admission. A maximum of twenty-five (25) requests for admission are permitted for each party per opposing party. There shall be no limit, however, on the number of requests for admission for the purpose of authenticating documents.

(d) Interrogatories.

i. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each party per opposing party.

      ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 50 hours of taking fact testimony by deposition upon oral examination.

Unless otherwise stipulated or ordered by the court, a deposition is limited to one (1) day of seven (7) hours. The parties acknowledge that certain individuals who have information relevant to several issues in the case may require more hours for deposition than that provided herein. For such individuals, the parties will work in good faith to agree on a time limit in advance, and if the parties cannot reach agreement, may apply to the Court for additional time by showing good cause to deviate from the above. For any deposition that will exceed seven (7) hours, the parties will work in good faith to conduct the deposition on consecutive days where practical and reasonable in light of the subject matter, witness availability, and attorney availability. The number of deposition hours and length of depositions may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition, or if any party per opposing party seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for intervention by the Court. Notwithstanding these limitations, the parties will not be permitted redundant, cumulative or abusive questioning.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily

be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f) Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **May 16, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 21, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **July 19, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iii. Expert Discovery Cut-Off. All expert discovery in this case shall be initiated so that it will be completed on or before **August 9, 2024**.

(g) Discovery Matters and Disputes Relating to Protective Orders.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet and- confer (in person and/or by telephone) on the following date(s): ______
>
> Delaware Counsel: _________
>
> Lead Counsel: _________
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

      v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

5. Motions to Amend.

(a) Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(b) Within seven (7) days after the filing of a motion in compliance with this order, any party opposing such a motion shall file a responsive letter not to exceed five (5) pages.

(c) Within three (3) days thereafter, the moving party may file a reply letter not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6. Motions to Strike.

(a) Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b) Any such Within seven (7) days after the filing of a motion in compliance with this order, any party opposing such a motion shall file a responsive letter not to exceed five (5) pages.

(c) Within three (3) days thereafter, the moving party may file a reply letter not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

7. Technology Tutorials. Unless otherwise ordered by the Court, the parties jointly shall provide the Court, no later than the date on which the Joint Claim Construction Chart is due, a tutorial on the technology at issue. In that regard, the parties shall jointly submit to the Court an electronic tutorial of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect.

8. Claim Construction Issue Identification. On or before **March 23, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **April 13, 2023**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **May 10, 2023**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim construction Chart. In this joint submission, the parties shall not provide argument.

9. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on **June 9, 2023**. The Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on **July 7, 2023**. The Plaintiff shall serve, but not

file, its reply brief, not to exceed 5,000 words, on **July 28, 2023**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on **August 11, 2023**. No later than **August 18, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II. Disputed Constructions

[TERM 1]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

[TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position
4. Defendant's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

10. Hearing on Claim Construction. Beginning at _________ on _________, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether

they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

11. Interim Status Report.  On **September 8, 2023**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the court deems it necessary, it will schedule a status conference.

12. Supplementation.  Absent agreement among the parties, and approval of the Court,

    (a) no later than **January 19, 2024** the patentee must finally supplement the identification of all accused products and serve final infringement contentions; and.

    (b) no later than **February 16, 2024** the accused infringers must finally supplement the identification of all invalidity references and serve final invalidity contentions.

13. Case Dispositive Motions.

    (a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **August 30, 2024**.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    (b) Concise Statement of Facts Requirement.  Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages,

which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) Page limits combined with Daubert motion page limits. Each party is permitted to file as many case dispositive motions as desired provided, however, that each ***SIDE*** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an

expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[1]

(d) Ranking of Summary Judgment Motions. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party

14. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(g) above.

Any proposed protective order must include the following paragraph:

---

[1] The parties must work together to ensure that the Court receives no more than a *total* of *250 pages* (*i.e.*, 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16. Papers Filed Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

17. Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

18. Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by

the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. Pretrial Conference. On _________________, the Court will hold a pretrial conference in Court with counsel beginning at ____ .m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

20. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

21. Trial. The trial of the first matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on _________, 20__, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22. Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23. Post-Trial Motions. Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

24. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

____________________________________
The Honorable Gregory B. Williams
United States District Judge

| EVENT | DEADLINES |
|---|---|
| Rule 26(a)(l) Initial Disclosures | Within twenty-one (21) days of the date the Court enters this Order |
| Proposed Protective Order | Within thirty (30) days of the date the Court enters this Order |
| Paragraph 3 Disclosures, Default Standard for Discovery | Within thirty (30) days of the date the Court enters this Order |
| Paragraph 4(a) Disclosures, Default Standard for Discovery (plaintiff identify accused products, etc.) | August 19, 2022 |
| Paragraph 4(b) Disclosures, Default Standard for Discovery (defendant produce core technical documents, etc.) | October 3, 2022 |
| Paragraph 4(c) Disclosures, Default Standard for Discovery (plaintiff produce initial claim charts) | November 17, 2022 |
| Joinder of Parties and Motions to Amend or Supplement Pleadings | January 27, 2023 |
| Paragraph 4(d) Disclosures, Default Standard for Discovery (defendant produce invalidity contentions, etc.) | January 13, 2023 |
| Exchange of Lists of Proposed Terms for Claim Construction | March 23, 2023 |
| Exchange of Proposed Constructions for Identified Terms | April 13, 2023 |
| Joint Claim Construction Chart | May 10, 2023 |
| Plaintiff Opening Claim Construction Brief | June 9, 2023 |
| Defendant Answer Claim Construction Brief | July 7, 2023 |
| Plaintiff Reply Claim Construction Brief | July 28, 2023 |
| Defendant Sur-Reply Claim Construction Brief | August 11, 2023 |
| File Joint Claim Construction Brief | August 18, 2023 |
| Claim Construction Hearing | |

| EVENT | DEADLINES |
|---|---|
| Supplementation of Accused Products and Invalidity References | Within thirty (30) days of the date the Court enters the claim construction ruling |
| Substantially Complete Document Production | December 15, 2023 |
| Joint Status Report | September 8, 2023 |
| Final Infringement Contentions | January 19, 2024 |
| Final Invalidity Contentions | February 16, 2024 |
| Fact Discovery Closes | April 26, 2024 |
| Opening Expert Report | May 16, 2024 |
| Rebuttal Expert Report | June 21, 2024 |
| Reply Expert Report | July 19, 2024 |
| Expert Discovery Closes | August 9, 2024 |
| Case Dispositive Motions | August 30, 2024 |
| Pretrial Conference | |
| Trial (five days) | |