IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BATAAN LICENSING LLC,

        Plaintiff,

v.

DENTALEZ, INC.,

        Defendant.

Civil Action No. 22-cv-238

## MEMORANDUM ORDER

Before the Court is Defendant DentalEZ, Inc.'s ("DentalEZ") Renewed Motion to Stay the proceedings in the instant patent infringement case (the "Motion," *see* D.I. 38), which is opposed by Plaintiff Bataan Licensing LLC ("Bataan"). *See* D.I. 40. DentalEZ seeks a stay pending resolution of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 35 U.S.C. § 101, *see* D.I. 14, which asserts that United States Patent No. 7,423,982 ("the '982 patent") is invalid as directed to a patent-ineligible abstract idea under the two-step analysis set out in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). For the reasons set out below, DentalEZ's Motion is **GRANTED**.

### I.    LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco*

1

*Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## II. DISCUSSION

As discussed in greater detail below, all of the factors weigh in favor of granting a stay pending the resolution of DentalEZ's Motion to Dismiss for Lack of Patent-Eligible Subject Matter. As such, DentalEZ's Renewed Motion to Stay is **GRANTED**.

### A. Simplification of Issues for Trial

DentalEZ argues that its Motion to Dismiss "would dispose of the entire case if granted" because "there is only 1 independent claim at issue in this case," which "is directed to [a] patent-ineligible abstract idea. D.I. 39 at 4. The fact that DentalEZ's Motion to Dismiss, if resolved in its favor, would be entirely case-dispositive as to the **only** claim (i.e., independent Claim 12) of the **only** patent-in-suit, i.e., the '982 patent, is certainly a fact inuring to DentalEZ's benefit here. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1-2 (D. Del. Apr. 9, 2015); *SenoRx v. Hologic, Inc.*, No. 12–173–LPS–CJB, 2013 WL 144255, at *3-4 (D. Del. Jan. 11, 2013) (examining what percentage of the asserted claims are at issue in the reexamination proceeding when assessing the simplification factor in a motion to stay). And there is no question that, as DentalEZ notes, the Court has the discretion to conclude that "a stay is favored if a pending motion to dismiss would render all discovery futile if granted . . ." D.I. 39 at 5 (citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014)).

In considering the prospects for simplification, the Court shall assess all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of—not just the

2

potential outcome most favorable to the party seeking the stay. *See SenoRx*, 2013 WL 144255, at *3 (considering how the case would be simplified if any of "three possible outcomes" of a reexamination proceeding occurred and finding that "[w]hatever outcome occurs, there is the potential for the simplification of issues for trial") (citing *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 06–514 GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007)). However, it is improper for the Court to evaluate the legal merits of the proceeding or inquiry when deciding a motion to stay. *See Power Integrations Inc. v. Fairchild Semiconductor Int'l Inc.*, No. 08–309–JJF–LPS, 2008 WL 5335400, at *2 (D. Del. Dec. 19, 2008); *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012) (declining to comment on "the merit of Defendant's reexamination challenge"). Here, if DentalEZ's Motion to Dismiss was granted, the case would not just be greatly simplified, but would be disposed of in its entirety. The benefit of efficiency would, thereby, be fully realized by this Court and the parties.

In the end, the prospect of simplification if a stay is granted is very real. DentalEZ's Motion to Dismiss, if granted, would effectively terminate this litigation by resolving the **only** asserted claim of patent infringement directed to the **only** asserted patent claim, i.e., independent Claim 12. This factor weighs in favor of a stay.

### B. Status of Litigation

There is no question that this case is in its very early stages. On November 8, 2022, the parties proposed a Scheduling Order, *see* D.I. 43—which has not yet been entered by this Court—and no Case Management Conference has been held. Discovery is in its infancy, with the parties having only exchanged their initial disclosures in late 2022 and claim construction briefing having not yet commenced. *Id.* With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay. *See Mann*, 375 F. App'x at 239

("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). Further, DentalEZ represents that its Motion to Dismiss "does not require resolution of any fact disputes," *see* D.I. 39 at 5, which obviates the need for any discovery prior to its resolution and, thus, weighs in favor of a stay. *See SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018). Finally, that discovery would ultimately be unnecessary if DentalEZ's Motion to Dismiss was granted, thereby conserving this Court and the parties' resources, simply cannot be ignored. Accordingly, this factor weighs in favor of a stay.

### C. Undue Prejudice

Courts have recognized that, when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill. *See, e.g., Nexans Inc. v. Belden Inc.*, C.A. No. 12–1491–SLR–SRF, 2014 WL 651913, at *3 (D. Del. Feb. 19, 2014); *SenoRx*, 2013 WL 144255, at *7 (citing *Nat'l Prods., Inc. v. GamberJohns on LLC*, No. 12–cv–00840, 2012 WL 3527938, at *2-3 (W.D. Wash. Aug. 14, 2012)). Here, Bataan concedes that it does not practice the '982 patent, *see* D.I. 40 at 6, and, thus, there is no evidence that Bataan and DentalEZ directly compete. *See Kaavo*, 2015 WL 1737476, at *3 ("[W]here there is no evidence of direct competition at all beyond attorney argument, this subfactor does not support denial of a stay.").

Bataan argues that it will suffer undue prejudice because "the longer [DentalEZ] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets." D.I. 40 at 6 (citing *Walker Digital, LLC v. Google, Inc.*, 2014 WL 2880474, *2-3 (D. Del. June 24, 2014)). However, courts in this District have routinely held that delay "does not, by itself,

4

amount to undue prejudice." *See, e.g., Ever Win Int'l Corp.*, 902 F. Supp. 2d at 509 (citing *Wall Corp. v. BondDesk Grp.*, LLC, C.A. No. 07-844-GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009)); *Enhanced Sec. Rsch., LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) ("[T]he Court recognizes that a stay may delay resolution of the litigation, but this alone does not warrant a finding that Plaintiffs will be unduly prejudiced."). And while Bataan contends that "any delay in determining the[] validity [of the '982 patent] significantly prejudices [Bataan's] ability to license the patent," Bataan does not explain *why* a stay would result in additional delay in determining the validity of the '982 patent. D.I. 40 at 6. Moreover, Bataan's concerns that further delay will prolong the resolution of this litigation can be adequately addressed and remedied through monetary damages if Bataan were to prevail at trial. *See Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (concerns of undue prejudice that can be remedied throughout money damages, including any appropriate interest accrued during the stay, weighs in favor of granting a stay).

Thus, this factor weighs in favor of a stay.

### III. CONCLUSION

On balance, all three factors weigh in favor of granting a stay. The possibility of entirely disposing of the case—and realizing such a benefit at a very early stage—is compelling to warrant a stay of this litigation. Any undue prejudice suffered by Bataan is minimal and can be adequately remedied through monetary damages.

Therefore, at Wilmington this 10th day of January 2023, **IT IS HEREBY ORDERED** that DentalEZ's Renewed Motion to Stay, *see* D.I. 39, is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE